# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

| | |
|---|---|
| ELI URBINA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   **Case No.:** |
| BOSCH SECURITY SYSTEMS, LLC, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ELI URBINA (hereinafter "Plaintiff" or "Urbina"), and files his Complaint against Defendant, BOSCH SECURITY SYSTEMS, LLC, (hereinafter "Defendant" or "Bosch"), and in support Plaintiff states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq*. (hereinafter "Title VII"); Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 et seq. ("ADA"); and the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 et seq. ("FMLA") to redress Defendant's unlawful employment practices against Plaintiff including Defendant's retaliation and interference with Plaintiff's lawful exercise of his rights under the FMLA, unlawful discrimination and retaliation against Plaintiff due to his race, national origin, and disability, and negligent retention leading to his unlawful termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA, ADA, and Title VII.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff, Urbina is a citizen of the United States and is and was at all times material a resident of the State of Florida, residing in Broward County, Florida.

6. Defendant, Bosch is a Foreign Limited Liability Company with its principal place of business in Fairport, New York.

7. Defendant does business in this Judicial District and Plaintiff worked for Defendant at 6301 NW 5th Way, Suite 4000, Fort Lauderdale, FL 33309.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On or about August 6, 2020, Plaintiff dual-filed a claim with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission (EEOC") satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on race, national origin, disability, and retaliation.

11. On or about August 10, 2020, Plaintiff amended his claim.

12. Plaintiff's EEOC charge was filed within three hundred (300) days after the unlawful employment practices occurred.

13. April 27, 2021, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.

14. This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC's Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

15. Plaintiff was employed by Defendant in a full-time capacity for just shy of four years. At the time of his termination, Plaintiff held the position of Service Analyst in the Information Technology ("IT") department.

16. Plaintiff's race is Hispanic, and his national origin is Hispanic American.

17. Throughout Plaintiff's employment, Fabio Martinez Lopez (Business Relationship Manager, Caucasian, non-American) subjected Plaintiff to derogatory comments out of discriminatory animus for his race/national origin. For example, Mr. Lopez repeatedly referred to Plaintiff as a "gangster" for being Hispanic said Plaintiff was like a N!@#$%.

18. Mr. Lopez boasted about his discriminatory pattern and practice of conduct stating that he knows he is a racist and bragging about previous complaints of racial discrimination and of sexual harassment brought against him to no avail as Defendant refused to take proper remedial action against him.

19. Plaintiff is also disabled because he has chronic back problems that substantially limit his major life activity of standing and sitting for extended periods of time, bending, squatting, and lifting heavy weight.

20. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

21. At all times material, Plaintiff was able to perform the essential functions of his job with or without accommodations.

22. Around December 2019, Plaintiff informed Mr. Lopez about his disability and requested the reasonable accommodations of being permitted to sit and stand periodically.

23. Mr. Lopez refused to reasonably accommodate Plaintiff or otherwise engage in the interactive process. Instead, Mr. Lopez assigned Plaintiff to perform physically demanding tasks outside of Plaintiff's IT job description that Mr. Lopez knew would aggravate Plaintiff's disability. For example, Mr. Lopez required Plaintiff to move desks, build cubicles, move heavy equipment, crawl underneath desks to plug in equipment, and fix the generator. These physical tasks were under the Facility Maintenance employee's job description.

24. Plaintiff escalated his concerns to Mr. Lopez and Human Resources that the failure to accommodate and further assign Plaintiff to more physically demanding tasks was exacerbating his disability. Specifically, Plaintiff reported the physically demanding tasks were causing him to become severely dizzy and feeling like he was going to faint. However, Defendant continued to refuse to take remedial action or otherwise engage in the interactive process.

25. Mr. Lopez also began subjecting Plaintiff to increased scrutiny, nit-picking Plaintiff's performance that had not been at issue immediately prior to informing Mr. Lopez about his disability and request for reasonable accommodations.

26. In around February 2020, Plaintiff was hospitalized and diagnosed with gastrointestinal bleeding, anemia, and sepsis.

27. Plaintiff asked Defendant about and began the process to obtain FMLA leave. The FMLA documents included restrictions to not lift over 25 pounds, bend, squat, and limit standing.

28. Days later, Mr. Lopez placed Plaintiff on an unwarranted PIP without prior progressive discipline as part of the ongoing discrimination against Plaintiff and ongoing retaliation against him for his protected activity including exercising his FMLA rights.

29. The unwarranted PIP's metrics were unachievable and intended to set Plaintiff up to fail because Mr. Lopez was assigning Plaintiff tasks that took a couple of days to complete and requiring Plaintiff to complete them in one day – which was impossible. Also, Mr. Lopez repeatedly accused Plaintiff of not completing tasks that Plaintiff completed to falsely claim that Plaintiff was not meeting the requirements of the PIP.

30. The PIP included an accusation regarding attendance which was not at issue until Plaintiff's disability related hospitalization. Also, the PIP required Plaintiff to improve his attendance and schedule adherence which interfered with his exercise of his FMLA leave.

31. Further demonstrating Mr. Lopez's discriminatory animus, Althea Heslop (Front Desk Manager) informed Plaintiff that Mr. Lopez told everyone that there was nothing wrong with Plaintiff and that Plaintiff was making up/faking his disability.

32. Meanwhile, Mr. Lopez continued to require Plaintiff to perform physically demanding tasks that were outside of Plaintiff's job description.

33. Mr. Lopez also interfered with Plaintiff's FMLA rights by calling Plaintiff with work related questions while Plaintiff was utilizing his intermittent FMLA leave.

34. Then, on or about March 5, 2020, Mr. Lopez asked Torian Tisdol (Information Technology, African American) in front of Plaintiff when he (Mr. Lopez) could start making fun of black people.

35. Plaintiff reported the discriminatory comment made against his African American counterpart, and Defendant responded immediately. Minutes later, Plaintiff reported the discriminatory and retaliatory PIP that Mr. Lopez issued Plaintiff, and Human Resources never responded. Defendant failed to respond regarding Plaintiff's protected complaint out of discriminatory and retaliatory animus.

36. When Defendant refused to respond to Plaintiff's email, Plaintiff escalated his concerns of discrimination and retaliation to Defendant's Human Resources Department in person. Again, Defendant refused to take any remedial action. Defendant entirely ignored the disability discrimination and refusal to accommodate Plaintiff and merely brushed aside his concerns claiming that no one was trying to fire Plaintiff.

37. Defendant then paused Plaintiff's PIP during COVID-19 because Defendant needed Plaintiff to set up a system for employees to work from home. Defendant specifically tasked Plaintiff with setting up the system that every employee would rely on during the pandemic because of Plaintiff's high level of skill.

38. At the end of the PIP, Defendant told Plaintiff that the procedure was that Mr. Lopez would submit his comments and conclusions; then Plaintiff would have an opportunity to provide his response/rebuttal to Mr. Lopez's comments; and then Defendant would respond to both sets of comments.

39. Instead of following its procedure, Defendant set a PIP closure meeting with Plaintiff for June 2, 2020. Instead of discussing the PIP in this meeting, Defendant terminated Plaintiff under the pretext of not meeting the PIP.

40. However, throughout the PIP, Plaintiff regularly met with Mr. Lopez for the daily, weekly, and monthly meetings that were a standard part of IT procedure. At no point during those meetings did Mr. Lopez raise any issues regarding Plaintiff's performance.

41. Additionally, the temporal proximity between Plaintiff's disability, need for reasonable accommodations, and FMLA leave and the sudden PIP assignment without progressive discipline, combined with the discriminatory comments and willful refusal to accommodate Plaintiff, demonstrates that the reason is pretextual.

42. Defendant terminated Plaintiff to discriminate against him based on his race, national origin, and disability and to retaliate against him for his protected activity including his FMLA use and complaints of discrimination.

43. Plaintiff has been damaged by Defendant's illegal conduct.

44. Plaintiff has had to retain the services of the undersigned counsel and has agree to pay said counsel reasonable attorney's fees.

**Count I:**
**Retaliation in Violation of the FMLA**

45. Plaintiff re-alleges and adopts, as fully set forth herein, the allegations stated in paragraphs 1-44 above.

46. Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

47. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

48. Plaintiff exercised or attempted to exercise his rights under the FMLA.

49. Defendant retaliated against Plaintiff for exercising or attempting to exercise his FMLA rights.

50. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

51. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

## Count II:
## Interference in Violation of the FMLA

52. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-44 above.

53. Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

54. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

55. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

56. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

57. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

58. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

## Count III:
### Disability Discrimination in Violation of the ADA

59. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-44 above.

60. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

61. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

62. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

63. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

64. Defendant intentionally discriminated against Plaintiff on the basis of his disability.

65. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

66. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count IV:

**Race Based Discrimination in Violation of Title VII**

67. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-44 above.

68. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his race, Hispanic.

69. Defendant is prohibited under Title VII from discriminating against Plaintiff because of his race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

70. Defendant violated Title VII by discharging and discriminating against Plaintiff based on his race.

71. Defendant intentionally discriminated against Plaintiff on the basis of his race.

72. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

73. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

**<u>Count V:</u>**
**National Origin Based Discrimination in Violation of Title VII**

74. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-44 above.

75. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his national origin, Hispanic American.

76. Defendant is prohibited under Title VII from discriminating against Plaintiff because of his national origin with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

77. Defendant violated Title VII by discharging and discriminating against Plaintiff based on his national origin.

78. Defendant intentionally discriminated against Plaintiff on the basis of his national origin.

79. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

80. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

### Count VI:
### Retaliation in Violation of Title VII

81. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-44 above.

82. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

83. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

84. Defendant's conduct violated Title VII.

85. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

86. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

87. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## Count VII:
### Negligent Retention

88. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-44 above.

89. Defendant had a duty to provide a workplace free from harassment, discrimination, and/or retaliation.

90. Defendant knew about Mr. Lopez's pattern and practice of subjecting employees to severe and pervasive harassment, discrimination, and/or retaliation.

91. Defendant knowingly and willfully retained Mr. Lopez in a position of authority.

92. As a result of Defendant willfully retaining Mr. Lopez, Plaintiff was subjected to harassment, discrimination, and/or retaliation by Mr. Lopez.

93. Plaintiff was damaged by Defendant's conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

/s/ Zane A. Herman
Zane A. Herman
Florida Bar No.: 120106
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 105
F: (866) 580-7499
Zane.herman@spielbergerlawgroup.com

*Counsel for Plaintiff*